O'NIELL, C. J., and OVERTON, J., are of the opinion that the judgment should be affirmed.

143 So. 52

**IVEY et al. v. BAILEY.**

No. 31469.

May 23, 1932.

Rehearing Denied June 20, 1932.

T. F. Hunter and Overton & Hunter, all of Alexandria, for appellant.

Munholland & Munholland, of Monroe, for appellees.

O'NIELL, C. J.

This is a suit to annul an instrument that was probated as the holographic will of Mrs. Rosanna Henderson Bailey, who died in Rapides parish on the 13th of March, 1930. The

plaintiffs are her collateral relations and heirs at law. They charge that the instrument in question is not in Mrs. Bailey's handwriting, and that it was entirely written by some one else. The defendant is the husband of Mrs. Bailey and is made her universal legatee in the instrument in contest. The district judge, who, in the ex parte proceeding, had ordered the instrument probated as the will of Mrs. Bailey, decided in this case that it was not written by her, and gave judgment for the plaintiffs. The defendant has appealed from the decision.

Two women, who had been intimate friends of Mrs. Bailey, testified that they knew her handwriting and that the document in contest was not in her handwriting. Another woman who had been an intimate friend of Mrs. Bailey, and thought she knew her handwriting, testified that the handwriting in contest was that of Mrs. Bailey. That witness was one of three on whose testimony the will was probated. Neither of the two others who testified in the probate proceeding was called as a witness in this case, and no explanation is given of the failure to call them as witnesses.

■■ A bank cashier, accustomed to judging of the genuineness of signatures, and testifying as an expert, gave the opinion that the contested handwriting was not the same as the proven specimens of Mrs. Bailey's handwriting, introduced in evidence. It has been said by this court that a person accustomed to judging of the genuineness of signatures only, and not of handwriting generally, might not be a handwriting expert, except with regard to signatures. Succession of White, 132 La. 890, 61 So. 860. But the bank cashier, in this instance, demonstrated that his opinion with regard to the document in contest was correct, by pointing out certain characteristics in Mrs. Bailey's handwriting, in the proven specimens, which were not in the handwriting in contest, and by pointing out certain characteristics in the handwriting in contest, which were not in the proven specimens of Mrs. Bailey's handwriting. A comparison of the contested handwriting with all of the proven specimens of handwriting in the record compels the belief that Mrs. Bailey did not write the instrument in contest.

■■ The defendant tendered three witnesses to prove that Mrs. Bailey had told them that she intended to make a will leaving all of her property to her husband; but the attorneys for the plaintiffs objected on the ground that the testimony was irrelevant, and the objection was sustained. We are inclined to the opinion that such testimony is relevant, and admissible for whatever it is worth, in a doubtful case, where forgery is charged; but in this case the evidence is so convincing that, if it were conceded that Mrs. Bailey did intend to make such a will, that circumstance would not overcome the proof that she did not write the instrument in contest.

The judgment is affirmed.

OVERTON, J., recused.